IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FRANCESCA PEREZ, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 23-cv-03354-LKG |
| ) | |
| v. ) | Dated: January 14, 2025 |
| ) | |
| FAIRWAY ASSET CORPORATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this civil action, the Plaintiff, Francesca Perez, alleges that the Defendants, Fairway Asset Corporation ("Fairway"), Apex Mortgage, LLC ("Apex"), Alhasane Soumah, Christine Caprario, Bora King and Xueqiong Yang, made false and fraudulent representations to her about the processing of her mortgage loan, in violation of the Maryland Mortgage Fraud Protection Act ("MMFPA"), Md. Code Ann. Real Prop., § 7-401; the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann. , Com. Law, §13-303, and Maryland common law.  ECF No. 1.  The Plaintiff has filed motions for default judgment against Defendants Fairway and Alhasane Soumah.  ECF Nos. 18 and 19.  Defendant Alhasane Soumah has also filed a motion to vacate the Clerk's entry of default against him and a proposed answer to the complaint.  ECF Nos. 21 and 21-1.  These motions are fully briefed.  ECF No18, 19, 21, 23 and 26.  No hearing is necessary to resolve the motions. *See* L. R. 105.6 (D. Md. 2018).  For the following reasons, the Court: (1) **GRANTS** Defendant Alhasane Soumah's motion to vacate for good cause shown ; (2) **GRANTS** Defendant Alhasane Soumah **LEAVE** to file an answer to the complaint; (3) **DENIES** the Plaintiff's motion for default judgment against Defendant Alhasane Soumah; and (4) **DENIES** the Plaintiff's motion for default judgment against Defendant Fairway **WITHOUT PREJUDICE**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

The Parties

The Plaintiff, Francesca Perez, is a resident of the State of Florida.  ECF No. 1 at ¶ 1.

Defendant Fairway is a mortgage broker incorporated under the laws of the State of Maryland, with its principal office located in Maryland.  *Id*. at ¶ 2.

Defendant Apex is a company incorporated under the laws of the State of Maryland, with its principal office located in Maryland, that provides, among other things, financing for the purchase of residential properties. *Id*. at ¶ 3.

Defendant Alhasane Soumah is a resident of the State of Maryland. *Id*. at ¶ 4.  The Plaintiff alleges that, at all times material to the complaint, Alhasane Soumah was acting as an agent and representative of Defendants Apex and Fairway. *Id*.

Defendant Christine Caprario is a resident of the State of Maryland. *Id*. at ¶ 5.  The Plaintiff alleges that, at all times material to the complaint, Christine Caprario was acting as an agent and representative of Defendants Apex and Fairway. *Id*.

Defendant Bora King is a resident of the State of Maryland.  *Id*. at ¶ 6.  The Plaintiff alleges that, at all times material to the complaint, Bora King was acting as an agent and representative of Defendant Fairway. *Id*.

Defendant Xueqiong Yang is a resident of the State of Maryland. *Id*. at ¶ 7. The Plaintiff alleges that, at all times material to the complaint, Xueqiong Yang was acting as an agent and representative of Defendant Fairway.  *Id*.

Background Of The Case

In this civil action, the Plaintiff alleges that the Defendants made false and fraudulent representations to her about the processing of her mortgage loan, in violation of the MMFPA, the MCPA and Maryland common law.  ECF No. 1.  Specifically, the Plaintiff asserts claims against the Defendants in the complaint for: (1) violations of the MMFPA (Count 1); (2) violations of the MCPA

---

[1] The facts recited in this memorandum opinion are taken from the complaint and the Plaintiff's Declaration. ECF Nos. 1 and 22-3.  Unless stated otherwise, the facts contained herein are undisputed.

(Count 2); (3) fraud (Count 3); and (4) negligence (Count 4). *Id*. at ¶¶ 45-83. As relief, the Plaintiff seeks to recover monetary damages, attorney's fees and costs from the Defendants. *Id*.

As background, the Plaintiff alleges that, in late July 2023, she entered into a contract to purchase the property located at 1457 NW 126th Drive, Coral Springs, FL 33071 (the "Property"). *Id*. at ¶ 10. Shortly thereafter, the Plaintiff contacted Defendant Alhasane Soumah to obtain a mortgage for the purchase of the Property. *Id*. at ¶ 11.

The Plaintiff alleges that Defendant Alhasane Soumah indicated to her that he could obtain a mortgage for the Plaintiff through Defendant Fairway, which would act as a mortgage broker for the transaction. *Id*. at ¶ 12. The Plaintiff also alleges that Defendant Alhasane Soumah represented that he was employed by Fairway, but, Mr. Soumah is listed on the Apex Mortgage website as a member of Apex's team. *Id*. at ¶ 13. In addition, the Plaintiff alleges that Mr. Soumah represented that she could close on the mortgage within approximately three weeks. *Id*. at ¶ 14.

The Plaintiff also alleges that Mr. Soumah told her to send him money that would be placed in a Fairway escrow account for the closing costs and down payment on her home. *Id*. at 15. And so, beginning on or about July 27, 2023, and continuing through October 2, 2023, the Plaintiff made twenty payments to Soumah totaling $386,550. *Id*. at ¶ 16.

The Plaintiff also alleges that she, and/or the title company that she was utilizing for the purchase of the Property, received and responded to several communications from Fairway employees, including Defendants Christine Caprario and Xueqiong Yang and that Ms. Caprario and Mr. Yang identified themselves in those communications as employees of Fairway. *Id*. at ¶ 18-20. But, the Plaintiff alleges that Apex also lists Ms. Caprario as a member of its team on its website. *Id*. at ¶ 17-18.

In this regard, the Plaintiff allege that Ms. Caprario represented to her that her loan application had been submitted in an email dated August 3, 2023. *Id*. at ¶ 21. The Plaintiff also alleges that she received a "Loan Estimate" from Mr. Soumah and Mr. Yang, for a loan in the amount of $1,190,000 at an interest rate of 7.75 percent, on August 9, 2023. *Id*. at ¶ 22. The "Loan Estimate" listed Fairway as the "lender" and Defendant Bora King as the loan officer. *Id*. at ¶ 24. The Plaintiff contends that the Loan Estimate "was false and fraudulent," because Fairway was not, in fact, prepared to offer or close on a loan for the purchase of the Property. *Id*. at ¶ 25.

On August 31, 2023, the Plaintiff received a Closing Estimate for the loan from Defendants Alhasane Soumah and Xueqiong Yang. *Id*. at ¶ 26. The Closing Estimate indicated that the loan

3

would close on August 31, 2023, and that the loan amount would be $1,190,000 at an interest rate of 7.75 percent. *Id*. at ¶ 27. The Closing Estimate also provided that Plaintiff would need to have $287,162.30 to close on the loan, which included closing costs of $123,745.80. *Id*. at 28. But, the Plaintiff alleges that the loan did not close on August 31, 2023. *Id*. at ¶ 31. And so, the Plaintiff contends that the Closing Estimate "was false and fraudulent in that Fairway was not, in fact, prepared to close on a loan for the purchase of the Property." *Id*. at ¶ 32.

The Plaintiff alleges that, sometime thereafter, Defendants Alhasane Soumah and Fairway informed her that the loan was going to be issued by Rocket Mortgage. *Id*. at ¶ 34. And so, on September 15, 2023, the Plaintiff received a copy of an email purportedly sent by Rocket Mortgage to Defendants Bora King and Xueqiong Yang stating that her loan had been cleared to close. *Id*. at ¶ 34. But the loan never closed. *Id*. at ¶ 35. The Plaintiff contends that the subject email "was false and fraudulent in that Rocket Mortgage was not prepared to offer or close on a loan for the purchase of the Property, and Soumah, Caprario, King, and Yang were aware that this was the case." *Id*. at ¶ 36.

On September 28, 2023, the Plaintiff received a denial letter regarding her mortgage loan. *Id*. at ¶ 37. And so, she emailed Alhasane Soumah and Christine Caprario to demand a refund of the $386,550 that she had paid to Mr. Soumah and Defendant Fairway. *Id*. at ¶ 38. The Plaintiff alleges that, while Mr. Soumah told her that these funds would be returned, she has not received any of the funds to date. *Id*. at ¶ 39

In October 2023, the Plaintiff attended a mediation initiated by the sellers of the Property related to her failure to close on the purchase of the Property. *Id*. at ¶ 40. The Plaintiff alleges that Mr. Soumah falsely represented that he would be obtaining a loan for the Plaintiff to purchase the Property during the mediation session. *Id*. at ¶ 41. And so, the Plaintiff further alleges that she has not closed on a loan to purchase the Property through either Defendants Alhasane Soumah, Fairway, or Apex. *Id*. at ¶ 44.

<u>The Litigation And Procedural History</u>

The Plaintiff commenced this matter on December 10, 2023. ECF No. 1. Thereafter, the complaint and summons were served on Defendant Fairway by private process server on or about February 7, 2024. ECF No. 12. On or about January 26, 2024, the complaint and summons were served on Defendant Alhasane Soumah. ECF No. 8

Neither Defendant Fairway, nor Defendant Alhasane Soumah filed an answer, or responsive pleading, within 21 days of service of the complaint and summons. And so, the Plaintiff filed notices

4

with the Clerk of this Court seeking entry of a notice of default against Defendants Alhasane Soumah and Fairway on February 22, 2024, and February 29, 2024, respectively. ECF Nos. 13 and 14. On April 9, 2024, the Clerk entered Notices of Default against Defendants Alhasane Soumah and Fairway. ECF Nos. 16 and 17.

### III.     LEGAL STANDARDS

#### A. Default Judgment

Federal Rule of Civil Procedure 55 governs default judgments entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). Although courts maintain "a strong policy that cases be decided on the merits," *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In deciding whether to grant a default judgment, the Court takes as true the well-pled factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In this regard, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). And so, where a petition avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Russell v. Railey*, 2012 WL 1190972, at *3 (D. Md. Apr. 9, 2012) (quoting *Iqbal*, 556 U.S. at 678); *see, e.g.*, *Balt. Line Handling Co.*, 771 F. Supp. 2d at 545 ("The record lacks any specific allegations of facts that 'show' why those conclusions are warranted.").

Upon a finding that the plaintiff has established liability, the Court must independently determine the appropriate amount of damages. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). The Court must do so "because 'an allegation relating to the amount of damages is not deemed admitted based on a defendant's failure to deny in a required responsive pleading.'" *Clancy v. Skyline Grill, LLC*, 2012 WL 5409733, at *3 (D. Md. Nov. 5, 2012) (quoting *Hartford Fin. Servs. Grp. v. Carl J. Meil, Jr., Inc.*, 2011 WL 1743177, at *7 (D. Md. May 5, 2011)).

## IV. LEGAL ANALYSIS

The Plaintiff has filed motions for default judgment against Defendants Fairway and Alhasane Soumah, upon the ground that these Defendants have neither answered, or otherwise response to, the complaint in this matter after having been properly served with the complaint and summons. ECF Nos. 18 and 19. Defendant Alhasane Soumah has also filed a motion to vacate the Clerk's entry of default against him and a proposed answer to the complaint. ECF Nos. 21 and 21-1. For the reasons set forth below, the Court: (1) **GRANTS** Defendant Alhasane Soumah's motion to vacate for good cause shown; (2) **GRANTS** Defendant Alhasane Soumah **LEAVE** to file an answer to the complaint; (3) **DENIES** the Plaintiff's motion for default judgment against Defendant Alhasane Soumah; and (4) **DENIES** the Plaintiff's motion for default judgment against Defendant Fairway **WITHOUT PREJUDICE**.

### A. The Court Vacates The Clerks' Entry Of Default As To Defendant Soumah

As an initial matter, the Court will vacate the Clerk's entry of default as to Defendant Soumah, because he has now appeared in this action and asserts potentially meritorious defenses to the complaint. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, the Court may enter a default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). The Court maintains, however, "a strong policy that cases be decided on the merits." *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993). And so, a default judgment is appropriate when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

In this case, the evidence shows that Defendant Alhasane Soumah failed to timely answer the complaint and to defend this action. Notably, the evidence shows that the complaint and summons were served on Defendant Alhasane Soumah on or about January 26, 2024, but Defendant Alhasane Soumah did not file an answer, or responsive pleading, within 21 days of service of the complaint and summons. ECF No. 8 And so, the Clerk entered a default and issued a Notice of Default against Defendant Alhasane Soumah on April 9, 2024. ECF No. 16.

But, Defendant Alhasane Soumah has since sought to defend himself in this civil action. In this regard, Defendant Alhasane Soumah filed a motion to vacate the Clerk's entry of default against him and a proposed answer to the complaint on May 21, 2024. ECF Nos. 21 and 21-1. While this motion and response to the complaint has not been filed within the 30-day period mandated in the

Notice of Default, Defendant Alhasane Soumah explains that he was initially proceeding without the assistance of counsel in this matter and that he obtained counsel shortly before filing his motion to vacate. ECF Nos. 28 at 1 and 20.

More importantly, Defendant Alhasane Soumah has filed a proposed answer to the complaint that responds to the allegations in the complaint and asserts defenses to the Plaintiff's claims. ECF No. 21-1. Given this, the Court does not find Defendant Alhasane Soumah's delay in defending this case to be in bad faith.

The Court also agrees with Defendant Alhasane Soumah that the Plaintiff will not be prejudiced if the Clerk's entry of default is vacated and the claims against Defendant Alhasane Soumah are allowed to be resolved on their merits. This dispute involves multiple defendants and the case is in its preliminary stage. While other Defendants have already answered the complaint, the parties have not yet commenced discovery, or the briefing of any dispositive motions. Given this, the litigation will not be delayed by allowing Defendant Alhasane Soumah to defend this matter on the merits.

A careful reading of Defendant Alhasane Soumah's proposed answer also makes clear that he has responded to the allegations in the complaint and intends to assert meaningful defenses in this case. Notably, Defendant Alhasane Soumah asserts that he is not liable under the MMFPA, because he is not a person covered under that Act. ECF Nos. 21-1 and 28 at 5. While the Plaintiff argues that Defendant Alhasane Soumah is the "primary tortfeasor" in this matter and that Defendant Alhasane Soumah is also a defendant in several other cases, these facts do not justify depriving Defendant Alhasane Soumah of the opportunity to address the Plaintiff's claims in this action on the merits.

Given this, Defendant Alhasane Soumah has shown good cause to vacate the Clerk's entry of default dated April 9, 2024. For similar reasons, the Plaintiff has not shown that entry of a default judgment against Defendant Alhasane Soumah is warranted. And so, the Court: (1) GRANTS Defendant Alhasane Soumah's motion to vacate for good cause shown; (2) GRANTS Defendant Alhasane Soumah LEAVE to file an answer to the complaint; and (3) DENIES the Plaintiff's motion for default judgment against Defendant Alhasane Soumah. Defendant Alhasane Soumah's answer shall be FILED by leave of the Court as of the date of the Court's memorandum opinion and order.

### B. The Plaintiff Has Not Established Entitlement to A Default Judgment Against Defendant Fairway

Turning to the Plaintiff's motion for a default judgment against Defendant Fairway, the Court must deny this motion. A careful reading of the Plaintiff's motion makes clear that she has not

shown that the allegations in the complaint, taken as true, establish that she is entitled to relief under either the MMFPA, the MCPA and Maryland common law.

As discussed above, the Court may enter a default judgment at the Plaintiff's requests and with notice to the defaulting party, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). In deciding whether to grant a default judgment, the Court takes as true the well-pled factual allegations of the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). In this regard, the Court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), in this context. *See Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Upon a finding that the plaintiff has established liability, the Court must independently determine the appropriate amount of damages. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010).

Here, the Plaintiff argues with persuasion that Fairway has failed to either answer the allegations in the complaint, or defend itself in this case. The evidence before the Court shows that, after the Plaintiff commenced this matter on December 10, 2023, the complaint and summons were served on Defendant Fairway on or about February 7, 2024. ECF No. 12. But Defendant Fairway did not answer, or otherwise respond to, the complaint, within 21 days of service of the complaint and summons. And so, the Clerk entered a default as to Defendant Fairway and issued a Notice of Default against Defendant Fairway on April 9, 2024. ECF Nos. 15 and 16. Defendant Fairway has not responded to the Notice or appeared in this matter.

But, the Plaintiff does not sufficiently explain why the factual allegations in the complaint, take as true, show that Defendant Fairway is liable to her for violating the MMFPA, the MCPA and Maryland common law in her motion for default judgment. ECF No. 18. Given this, the Plaintiff has not met her burden to show that entry of a default judgment against Defendant Fairway is warranted in this case. Fed. R. Civ. P. 55(b). And so, the Court DENIES the Plaintiff's motion for default judgment against Defendant Fairway WITHOUT PREJUDICE.

V.  **CONCLUSION**

For the foregoing reasons, the Court:

(1) **GRANTS** Defendant Alhasane Soumah's motion to vacate for good cause shown;

(2) **GRANTS** Defendant Alhasane Soumah **LEAVE** to file an answer to the complaint. Defendant Alhasane Soumah's answer shall be FILED as of the date of the Court's memorandum opinion and order;

(3) **DENIES** the Plaintiff's motion for default judgment against Defendant Alhasane Soumah; and

(4) **DENIES** the Plaintiff's motion for default judgment against Defendant Fairway **WITHOUT PREJUDICE**.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby  
LYDIA KAY GRIGGSBY  
United States District Judge